

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6314-CR-ROETTGER

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,   :

    Plaintiff,   :

v.   :

FRANKLYN W. A. REID,   :

    Defendant.   :
_____/

## MOTION TO CONTINUE TRIAL DATE

Franklyn W.A. Reid ("Reid"), by counsel hereby files this Motion to Continue Trial date for the following reasons:

1. Reid was indicted and had his initial appearance on November 6, 2000. He is charged with illegal re-entry after deportation.

2. Reid's bond is $250,000 Corporate Surety; he is currently in F.D.C.

3. Discovery was received timely on November 27, 2000.

4. The calendar call for this case is set for April 9, 2001. This is the second setting for this case.



5.  On January 24, 2001, The United States Sentencing Commission proposed an amendment to the Sentencing Guidelines regarding §2L1.2, the Guideline provision concerning Reid's case (see attached). That amendment significantly affects the possible sentence. The proposed Amendment will be approved or rejected on or about May 1, 2001, and be law as of November 1, 2001.

6.  Reid would request additional time to allow the process to complete so he can receive the benefits of the proposed amendments.

7.  This request is not for the purposes of delay. Reid specifically waives whatever "speedy trial" right he may have as a result of this requested continuance.

8.  Assistant United States Attorney Bruce Brown, according to his voicemail, is out of the office until Monday, April 9, 2001, the day of the calendar call.

WHEREFORE, Franklyn Reid hereby requests a continuance to a date past September 1, 2001, so that he can take advantage of the proposed change in the Guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Samuel J. Smargon
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 150230
1 East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

**CERTIFICATE OF SERVICE**

I hereby certify that a true a copy of the foregoing instrument was mailed this ___5___ day of April, 2001 to Bruce Brown, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Samuel J. Smargon

S:\SMARGON\Reid\Continue.2.wpd



# Volume Two: Proposed Amendments to the Sentencing Guidelines

**January 24, 2001**

This compilation contains unofficial text of proposed amendments to the sentencing guidelines and is provided only for the convenience of the user in the preparation of public comment. Official text of the proposed amendments can be found in the Federal Register, January 26, 2001.

*The proposed amendment is intended to achieve more proportionate punishment by providing tiered sentencing enhancements based on the period of imprisonment the defendant actually served for the prior aggravated felony. In addition, the amendment contains two options for providing increased punishment for the most serious aggravated felonies. Under Option One, the 16-level enhancement would be triggered not only by the period of imprisonment actually served but also by all aggravated felonies involving death, serious bodily injury, the discharge or other use of a firearm or dangerous weapon, or a serious drug trafficking offense, regardless of the period of imprisonment actually served by the defendant. Alternatively, Option Two would encourage an upward departure in such cases, which could result in an increase greater than the 16-level enhancement for these most serious aggravated felonies.*

*The Commission invites comment as to whether the 16-level enhancement provided by subsection (b)(1) should be graduated on some basis other than period of imprisonment actually served, perhaps by extending the approach taken by Option 1 throughout the other tiers. In addition, the Commission invites comment as to whether aggravated felonies that were committed beyond a certain number of years prior to the instant offense should not count for purposes of triggering subsection (b)(1).*

**Proposed Amendment:**

§2L1.2.    **Unlawfully Entering or Remaining in the United States**

    (a)    Base Offense Level: **8**

    (b)    Specific Offense Characteristic

        (1)    If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

            (A)  ~~If the conviction was for an aggravated felony, increase by 16 levels.~~

            (A)  If the conviction was for an aggravated felony, and

                (i)  (I)  the defendant actually served a period of imprisonment of at least ten years for such conviction; or

[Option One:                  (II)  the aggravated felony involved death, serious bodily injury, the discharge or other use of a firearm or dangerous weapon, or a serious drug trafficking offense];

                      increase by 16 levels;

175

  (ii) the defendant actually served a period of imprisonment of at least five years but less than ten years, increase by [10][12] levels;

  (iii) the defendant actually served a period of imprisonment of at least two years but less than five years, increase by [8] levels; or

  (iv) (I) the defendant actually served a period of imprisonment of less than two years, or (II) the sentence imposed was only a term of probation or other sentence alternative to a term of imprisonment, or a combination of probation and other sentence alternative to a term of imprisonment, increase by [6] levels.

 (B) If the conviction was for (i) any ~~other~~ felony ~~other than an~~ aggravated felony, or (ii) three or more misdemeanors ~~that are~~ crimes of violence or ~~misdemeanor~~ controlled substance offenses, increase by 4 levels.

*Commentary*

<u>Statutory Provisions</u>: *8 U.S.C. § 1325(a) (second or subsequent offense only), 8 U.S.C. § 1326. For additional statutory provision(s), <u>see</u> Appendix A (Statutory Index).*

<u>Application Notes</u>:

1. <u>Definitions</u>.—*For purposes of this guideline—:*

 ~~"Deported after a conviction," means that the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction. An alien has previously been "deported" if he or she has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.~~

 ~~"Remained in the United States following a removal order issued after a conviction," means that the removal order was subsequent to the conviction, whether or not the removal order was in response to such conviction.~~

 *"Aggravated felony," ~~is defined at~~has the meaning given that term in 8 U.S.C. § 1101(a)(43) without regard to the date of conviction of the aggravated felony.*

 ~~"Crime of violence" and "controlled substance offense" are defined in §4B1.2. For purposes of subsection (b)(1)(B), "crime of violence" includes offenses punishable by imprisonment for a term of one year or less.~~

176

"Controlled substance offense"

(A) means an offense under federal or state law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense; and

(B) includes—

(i) unlawfully possessing a listed chemical with intent to manufacture a controlled substance ( see 21 U.S.C. § 841(d)(1));

(ii) unlawfully possessing a prohibited flask or equipment with intent to manufacture a controlled substance (see 21 U.S.C. § 843(a)(6));

(iii) maintaining any place for the purpose of facilitating an offense described in subdivision (A) (see 21 U.S.C. § 856);

(iv) using a communications facility in committing, causing, or facilitating an offense described in subdivision (A) (see 21 U.S.C. § 843(b)); and

(v) the offenses of aiding and abetting, conspiring, and attempting to commit any offense described in subdivision (A) or (B)(i), (ii), (iii), or (iv).

~~"Firearms offense" means any offense covered by Chapter Two, Part K, Subpart 2, or any similar offense under state or local law.~~

"Felony ~~offense~~" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.

"Misdemeanor" means any federal, state, or local offense punishable by imprisonment for a term of imprisonment of one year or less.

"Serious bodily injury" has the meaning given that term in Application Note 1 of the Commentary to §1B1.1 (Application Instructions).

"Serious drug trafficking offense" has the meaning given that term in Application Note 1 of the Commentary to §5K2.20 (Aberrant Behavior).

2. *Application of Subsection (b)(1).*—For purposes of subsection (b)(1):

(A) A defendant shall be considered to be deported if the defendant has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.

177

(B) A defendant shall be considered to be deported after a conviction if the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction.

(C) A defendant shall be considered to have remained in the United States following a removal order issued after a conviction if the removal order was subsequent to the conviction, whether or not the removal order was in response to such conviction.

(D) The period of imprisonment that the defendant actually served for the aggravated felony includes, in the case of a defendant who escaped from imprisonment, time the defendant would have served if the defendant had not escaped.

2. ~~This guideline applies only to felonies. A first offense under 8 U.S.C. § 1325(a) is a Class B misdemeanor for which no guideline has been promulgated. A prior sentence for such offense, however, is to be considered under the provisions of Chapter Four, Part A (Criminal History).~~

3. ~~In the case of a defendant with repeated prior instances of deportation, an upward departure may be warranted. See §4A1.3 (Adequacy of Criminal History Category).~~

~~4~~3. Computation of Criminal History Points.—~~An adjustment under subsection (b) for a prior felony conviction applies in addition to any criminal history points added for such conviction in~~ Prior felony and misdemeanor convictions taken into account under subsection (b) are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).

5. ~~Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted based on the seriousness of the aggravated felony.~~

4. Departure Provisions.—

[Option Two:

(A) Upward Departure Provisions.—There may be cases in which subsection (b)(1) applies but the applicable enhancement understates the seriousness of the aggravated felony taken into account under that subsection. In such cases, an upward departure may be warranted. For example an upward departure may be warranted if the aggravated felony involved any of the following:

(i) Serious bodily injury, as defined in Application Note 1 of the Commentary to §1B1.1 (Application Instructions), or death.

(ii) The discharge or other use of a firearm or a dangerous weapon.

(iii) A serious drug trafficking offense, as defined in §5K2.20 (Aberrant Behavior).]

178

> (B) *Downward Departure Provision.—A downward departure may be warranted in a case in which the defendant was not advised, at the time the defendant previously was deported or removed, of the criminal consequences of reentry after deportation or removal.*

**Issues for Comment:** *The Commission invites comment regarding whether the enhancement in §2L1.2(b)(1) for a previous conviction for an aggravated felony should be graduated based on a factor other than, or in addition to, the period of imprisonment the defendant actually served for the aggravated felony. Should the enhancement be graduated based on the type of aggravated felony involved? For example, should the approach of Option One for subsection (b)(1)(A)(i) be extended to subdivisions (ii) through (iv) of subsection (b)(1)?*

*The Commission also invites comment on whether the enhancement in §2L1.2(b)(1) for a previous conviction for an aggravated felony should take into consideration only aggravated felonies that were committed within a specified time period, e.g., fifteen years, or the counting rules provided by §4A1.2 (Definitions and Instructions for Computing Criminal History).*

**Proposed Amendment: Nuclear, Biological, and Chemical Weapons**

19.  **Synopsis of Proposed Amendment:** *This is a two-part amendment.*

> *First, in response to the sense of Congress contained in section 1423(a) of the National Defense Authorization Act for Fiscal Year 1997 that guideline penalties are inadequate for certain offenses involving the importation, attempted importation, exportation, and attempted exportation of nuclear, chemical, and biological weapons, materials, or technologies, the proposed amendment increases by four levels the base offense levels in §§2M5.1 (the guideline covering the evasion of export controls) and 2M5.2 (the guideline covering the exportation of arms, munitions, and military equipment without a license). A four-level increase is proposed for those offenses in subsection (a)(1) of both §§2M5.1 and 2M5.2 to make the penalty structure for those offenses proportional to other national security guidelines in Chapter Two, Part M. In addition, the Statutory Index is proposed to be amended to refer one of the offenses, 50 U.S.C. § 1701 (which currently is not referenced in the Statutory Index), to both §§2M5.1 and 2M5.2.*

> *Second, the proposed amendment substantially revises §2M6.1 (the guideline covering the unlawful acquisition, alteration, use, transfer, or possession of nuclear material, weapons, or facilities) in order to incorporate into that guideline two relatively new offenses, 18 U.S.C. § 175, relating to biological weapons, and 18 U.S.C. § 229, relating to chemical weapons. Specifically, the amendment proposes to modify §2M6.1 in the following ways:*

>> *(1)  It provides two alternative base offense levels. The first base offense level of level 42 applies if the offense was committed with the intent to injure the United States or to aid a foreign government or foreign terrorist organization. This incorporates into the base offense level the 12-level enhancement currently found in the guideline for such intent and does not change the overall offense level for these offenses. "Foreign terrorist organizations" are added because Congress has found that such groups are investing in the acquisition of unconventional weapons such as nuclear, biological, and chemical agents. It is anticipated that this base offense level will apply to cases as apparently originally contemplated by the guideline, i.e., the acquisition of nuclear material from*

179