UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6314-CR-ROETTGER

UNITED STATES OF AMERICA,    :

        Plaintiff,    :

vs.    :

FRANKLYN W. REID,    :

        Defendant.    :

_____/

## REQUEST FOR DOWNWARD DEPARTURE

The Defendant Franklyn Reid ("Reid"), hereby requests a downward departure from his sentencing guideline range for the following reasons:

Reid scores on the sentencing guidelines a total offense level of 21 and a criminal history category of V; the guideline imprisonment range is 70 to 87 months. He received the criminal history computation of V as a result of 11 criminal history points. 4 of the criminal history points are as a result of two altercations with his daughter's mother, Bibi LaTiff ("LaTiff"). 2 of those 4 points are as a result of an aggravated battery upon a pregnant person, when he was 19 years old. The other 2 points are as a result of aggravated stalking, at age 23. The victim of both these incidents, LaTiff, will testify at sentencing and ask this court to downward depart these cases. She will state to the



court that she and Reid are now very friendly, Reid assists her both with their daughter and other matters in life, and they were both very young when these matters occurred.

The other 7 points are as a result of a misdemeanor arrest, at 19 years old, for petit theft, aggravated assault at 21 years old, whereby he received a sentence of "time served", and possession of a small quantity of marijuana, the offense Reid was ultimately deported for.

For the reasons stated below Reid specifically asks for a downward departure from his criminal history category of V because it over-represents his propensity to commit crimes.

The sentencing Reform Act allows the sentencing court to depart from the guidelines if "the court finds that there exists a ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Therefore the sentencing Guidelines permits the district court to depart downward from both a career offender status and criminal history category. See United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990); United States v. Smith, 909 F.2d 1164 (8th Cir. 1990); United States v Brown, 903 F.2d 540 (8th Cir. 1990); United States v. Maddalena, 893 F.2d 815 (6th cir. 1989); United States v. Bowser, 991 F.2d 10919 (10th Cir. 1991); and United States v. Maldonado-Campos, 920 F.2d 714 (10th Cir. 1990); United States v. Gayles, 1 F.3d 735 (8th Cir. 1993); United States v. Summers, 893 F.2d 63 (4th Cir. 1990); United States v. Senior, 935 F.2d 149 (8th Cir. 1991).

Section 4A1.3 of the Sentencing Guidelines states as a policy statement the following:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the

defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines.

Senior, supra, though a career offender, establishes that narcotics convictions at a young age is an appropriate consideration for a downward departure. Because of three prior robberies and two controlled substance offenses, prior to the cocaine conviction, Senior qualified as a career offender. His guideline range sentence was 292-365 months and his criminal history category was VI.

The court felt that being a career offender seriously over-represented his criminal history in that the three robberies were treated by the state court as more or less one criminal episode. Additionally, the two controlled substance offenses were committed at age 24 and were consolidated for sentencing. The court departed from the guidelines and imposed the statutory minimum mandatory of 120 months.

Applying these factors to the present case, the Sentencing Guidelines explicitly acknowledge that over-representation of the seriousness of the defendant's criminal history is an appropriate consideration for downward departure.

It is specific intent of Franklyn Reid to request a downward departure from a criminal history category of V.

## Conclusion

WHEREFORE, the Defendant Franklyn Reid hereby moves this court for a downward departure from his criminal history category of V and to consider those matter not adequately taken

into consideration by the Sentencing Commission and to reflect the policy statement of § 4A1.3 of the Sentencing Guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER


By:_____
    Samuel J. Smargon
    Assistant Federal Public Defender
    Florida Bar No. 150230
    1 E. Broward Boulevard
    Suite 1100
    Fort Lauderdale, Florida  33301
    (954) 356-7436
    (954) 356-7556 (fax)


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ___ day of January, 2002 to Scott Behnke, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301, and Bonita Abrams, United Sates Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida  33301-1168

_____
Samuel J. Smargon

S:\SMARGON\Reid\Depart.01.wpd

4