

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

July 15, 2002

RE: 02-10647-JJ    USA v. Franklyn W.A. Reid
DC DKT NO.: 00-06314 CR-NCR

TO:  Clarence Maddox

CC:  Kathleen M Williams

CC:  Samuel Smargon

CC:  Anne Ruth Schultz

CC:  Jeanne Mullenhoff

CC:  Sally M. Richardson

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties



July 15, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 02-10647-JJ   USA v. Franklyn W.A. Reid
DC DKT NO.: 00-06314 CR-NCR

The enclosed certified copy of this Court's order dismissing the appeal for lack of jurisdiction is issued in lieu of the mandate of this court.

Also enclosed is the record on appeal, which consists of:
3 v. ROA, 1 PSI

Please acknowledge receipt by returning the enclosed copy of this letter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: April Richards/smg (404) 335-6179

Encl.

DIS-4 (6-2002)

/55

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 02-10647
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 1 5 2002

THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06314-CR-NCR

FILED by _____ D.C.

JUL 1 7 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLYN W.A. REID,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

Before ANDERSON, DUBINA, and HULL, Circuit Judges.

PER CURIAM:

Franklyn Reid appeals his 70-month sentence imposed pursuant to his guilty plea to illegally re-entering the United States after having been deported following the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a). On

appeal, Reid contends that because the district court implicitly denied his motion for a downward departure without making any findings, Reid's sentence was imposed in violation of law and should be remanded for clarification. After review, we dismiss this appeal for lack of jurisdiction.

This Court lacks jurisdiction to consider an appeal from a district court's refusal to depart downward absent a showing that the district court improperly concluded that it lacked the authority to depart downward. United States v. Sanchez, 138 F.3d 1410, 1417 (11th Cir. 1998). However, we may conduct a de novo review of a defendant's claim that the district court mistakenly believed it lacked the authority to grant such a departure. United States v. Hansen, 262 F.3d 1217, 1255 (11th Cir. 2001). If there is no indication that the district court misapprehended it's authority, it is assumed that the sentencing court understood it had authority to depart downward. Id.

Here, Reid does not argue that the district court mistakenly believed it lacked authority to grant a departure. Furthermore, we find nothing in the record that indicates that the district court labored under such a misapprehension. The district court permitted extensive discussion on the issue of whether Reid should receive a downward departure and permitted a victim of some of Reid's past crimes to testify and be cross-examined by the government. Indeed, Reid's

counsel informed the court that it was within the court's discretion to grant the downward departure if the "defendant isn't as bad a guy as he appears." Because the district court understood that it had the authority to depart, we lack jurisdiction to review its decision to deny Reid's request for a downward departure.

**DISMISSED.**